RECEIVED
IN LAKE CHARLES, LA
JUN - 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID O. WILLIAMS** | : | DOCKET NO. 05-00021 |
| VS. | : | JUDGE TRIMBLE |
| **BO BARTEL, ET AL** | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Before the Court are two (2) Notices of Appeal (docs. # 26 & 27) wherein, Plaintiff, David O. Williams, appeals Magistrate Judge Wilson's Orders (docs. # 22 & 23). Order No. 22 denies Plaintiff's Motion for Appointment of Counsel, and Order No. 23 denies Plaintiff's Motion to Amend/Correct Motion.

In his Memorandum Order denying Plaintiff's request for appointment of counsel, after analyzing the factors[1] considered to determine if "exceptional circumstances" exist, Magistrate Wilson determined that Plaintiff's case is typical of those asserted in prisoner civil rights litigation, and that Plaintiff has first hand knowledge of the facts of which he complains. The Magistrate also noted that Plaintiff had not attempted to find counsel for himself.

In his Notice of Appeal, Plaintiff argues that he had contacted an attorney with the ACLU, thus,

---

[1] The factors provided by the Fifth Circuit Court of Appeal are as follows:

1. the type and complexity of the case;
2. the Plaintiff's ability to adequately present and investigate his case;
3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination.
4. The likelihood that appointment will benefit the Plaintiff, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n. 14; see also *Ulmer*, 691 F.2d 209, 213 (5th Cir. 1982); and *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

he has shown exceptional circumstances warranting appointment of counsel in this civil rights case. The Court disagrees. Again, as previously determined by the Magistrate, this is not a complex case, there is no indication that Plaintiff has been hindered in presenting and/or investigating his case, or that there is conflicting testimony requiring skill in presenting evidence and a cross-examination. Furthermore, one contact with the ACLU does not suffice to support Plaintiff's claim of his inability to secure private counsel. Hence, the motion appealing the Magistrate's order denying the motion for appointment of counsel will be denied.

Plaintiff also appeals the Magistrate's order denying his motion to amend/correct the Complaint. The Magistrate denied Plaintiff's motion as unnecessary because "leave of court is not necessary" to file the amended complaint. The Magistrate further directed the Clerk of Court to file the amended complaint in the record; the Clerk of Court has complied with that directive (see document #24 in the record). Plaintiff's amended complaint has been filed as requested by the Plaintiff and as directed by the Magistrate. Accordingly, again it is unnecessary to grant Plaintiff's request and the appeal as to the Magistrate's order denying Plaintiff's motion to amend/correct complaint will be denied as moot. Accordingly, it is

**ORDERED** that the Notice of Appeal (doc. #26) appealing the Magistrate's Order denying Plaintiff's Motion to Amend/Correct is hereby **DENIED** as moot.

**FURTHER ORDERED** that the Notice of Appeal (doc. #27) appealing the Magistrate's Order denying Plaintiff's Motion for Appointment of Counsel is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 1st day of June, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE