## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| DAVID O. WILLIAMS | CIVIL ACTION NO. 05-21 |
| VS. | SECTION P |
| BO BARTEL, ET AL | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is David Williams' *pro se* civil rights[1] (42 U.S.C. § 1983) complaint filed on January 5, 2005. Plaintiff is a pre-trial detainee[2] housed at Calcasieu Correctional Center (CCC). He complains of events that occurred at that facility. In his original complaint, plaintiff named U.S. Deputy Marshal Bo Bartel, CCC Assistant Warden Scot Nugent, and Assistant U.S. Attorney Larry Regan as defendants. In his amended complaint [Doc. #24], plaintiff dismissed his claims against U.S. Deputy Marshal Bo Bartel, and added Gerald Pittman, Officers Picate and Liz, and Wardens Miller and Tate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The original complaint in this matter was filed jointly by plaintiff and his now deceased brother, Corbie L. Williams. Given the joint nature of the complaint, it was difficult to decipher which allegations pertained to plaintiff David Williams. Thus, he was ordered to amend his

---

[1] Plaintiff's claims alleging civil rights violations by the federal defendant, Assistant United States Attorney Larry Regan, are construed as brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] It appears that plaintiff was indicted on 7/14/04 for conspiracy to distribute narcotics. See, 04-20098, USA v. *Williams, et al*. Plaintiff is currently awaiting trial.

complaint to cure the deficiencies noted. [Doc. 14].³

Plaintiff filed an amended complaint on or about April 10, 2006, in which he alleged that on August 25, 2004, defendant Regan instructed former defendant Bartel to place him in segregation. The complaint states that this was done without due process and that he was denied visits, phone calls, showers, recreation, and was forced to sleep on the floor for three nights. The complaint also alleges that on September 13, 2005, defendant Nugent, on orders from defendant Regan, placed a note on his cell stating that he was extremely violent and could not have visitors or use of a phone and was to remain in lock-down at all times. Plaintiff further contends that defendant Regan and newly added defendant Pittman were using the sheriff's office personnel to abuse, deny, and harass him. There are also allegations that while in segregation, plaintiff was denied the use of the law library to prepare for pending trials in Texas as well as the present civil rights matter. There are also general allegations that plaintiff was denied access to an attorney and that his mail was delayed or denied. As a result of these actions, plaintiff seeks nominal, compensatory, and punitive damages.

## **LAW AND ANALYSIS**

### **I. Frivolity**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be

---

³ Petitioner was ordered to amend his complaint to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure. He was also advised that liability could only be visited upon defendants who directly participated in the acts causing the alleged constitutional violation or, who implemented policies which had such an effect. Further, plaintiff was instructed that he needed to plead specific facts to establish that the defendants were guilty of deliberate indifference to a substantial risk of serious harm in order to support any conditions of confinement claims. He was also advised that it was necessary to show that he suffered an "actual injury" to prevail on an access to court claim. Finally, plaintiff was required to demonstrate exhaustion of all available administrative remedies prior to filing suit, to which the court will give plaintiff the benefit of doubt and assume that his assertions of exhaustion are correct.

granted, or seeks monetary damages from a defendant who is immune. See, 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). Further, when determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

It is well settled that supervisory officials may not be held liable under § 1983 based upon the doctrine of *respondeat superior*. See, *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct.

3

3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

In regard to plaintiff's claims against Wardens Miller and Tate, these claims should be dismissed as plaintiff has failed to state a claim upon which relief may be granted. Plaintiff fails to make any sustainable allegations which would establish liability on the part of these defendants. Plaintiff does not allege that Wardens Miller and Tate were personally involved in the events that form the basis of plaintiff's claims, nor that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Thus, plaintiff's claims against these defendants are without merit.

Likewise, plaintiff's claims against Officers Picate and Liz, and Gerald Pittman should be dismissed as plaintiff again fails to make any factual allegations against these defendants.[4] This is in direct contradiction to the requirements of Rule 8 of the Federal Rules of Civil Procedure which requires a plaintiff to allege specific facts which support the conclusion that specific constitutional rights were violated by each person who is named as defendant. In the court's memorandum order [Doc. #14], plaintiff was specifically instructed to amend his complaint to state, among other things, what each defendant did to violate plaintiff's rights with respect to each separate incident alleged. Plaintiff's amended complaint fails to support a finding that any of these defendants violated plaintiff's constitutional rights, and plaintiff's claims against these defendants are without merit.

---

[4] Plaintiff mentions defendant Pittman's name once in the body of his amended complaint. [Doc. #24, p. 7].

**Access to Courts Claim**

Plaintiff alleges that while in segregation, he has been denied the right to use the law library to prepare for pending criminal trials and this civil rights matter and consequently that he has been denied the right to access the court.

Prisoners, including pre-trial detainees, have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998); *Lewis v. Casey*, 116 S.Ct. 2174 (U.S. 1996); *Bounds v. Smith*, 97 S.Ct. 1491 (1977)*; see Love v. Summit County*, 776 F.2d 908 (10th Cir. 1985) ("plaintiff, a pretrial detainee, also has a constitutional right to adequate, effective and meaningful access to the courts to vindicate his fundamental constitutional rights.")  However, this right does not create an abstract, free-standing right of access to a law library nor does it guarantee unlimited access to the law library. *McDonald v. Steward,* 132 F.3d 225, 230 (5th Cir. 1998); *Lewis v. Casey, supra.*  The right of access to the courts for inmates encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement.  *Johnson v. Rodriguez*, 110 F.3d 299, 325 (5th Cir. 1997); *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999)   In order to prevail on a constitutional claim for the denial of access to the court, the plaintiff must demonstrate that he was deliberately denied access to the court and that he sustained an actual injury.  *Lewis v. Casey*, *supra.; Carter v. Lowndes County,* 89 Fed.Appx. 439, 442, 2004 WL 393333, *2 (5th Cir. 2004)(applying *Lewis v. Casey,* 116 S.Ct. 2174 (1996) standard to pre-trial detainees).

In plaintiff's criminal proceedings, he indicates that he is represented by court-appointed counsel.  The provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library. See *Lewis v. Casey*, *supra* (relying on *Bounds v. Smith*, 430 U.S. at 830, 97 S.Ct. 1491); *Love*, 776 F.2d at 914.  In the absence of extraordinary circumstances, a

criminal defendant represented by counsel does not have a constitutional right to file every *pro se* motion he wants to file in addition to his attorney's motions. *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir.1981); *see also Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir.1996) (prisoners who reject "the assistance of court-appointed counsel [have] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial.").

Plaintiff also alleges that he has been denied access to the law library in order to prepare for this civil litigation. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993);. See also *Lewis v. Casey*,116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). A review of the record in this case clearly reveals that the plaintiff has been able to prepare and transmit necessary documents to this court. He has filed numerous motions as well as pleadings responsive to court orders.

Because plaintiff has not demonstrated that he was denied an adequate opportunity to access the courts or that he suffered an actual injury in a non-frivolous litigation, this court finds that his claim for the denial of access to the court should be dismissed as frivolous.

**Fourteenth Amendment Due Process Claims**

As a pretrial detainee, plaintiff's constitutional rights arise from the due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 646 (5th Cir. 1996). "[T]he Fourteenth Amendment prohibits the 'imposition of conditions of confinement on pretrial detainees that constitute "punishment."' *Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir.1996) (citing *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979))." *Collins v. Ainsworth,* 382 F.3d 529, 540 (5th Cir. 2004). In determining whether

conditions of confinement amount to punishment, the Fifth Circuit has indicated that it

> applies the *Bell* test to assess pretrial detainee due process claims:
> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." [Footnote omitted.] Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.
> 441 U.S. at 539, 99 S.Ct. 1861.

*Collins v. Ainsworth,* 382 F.3d 529, 540 (5th Cir. 2004).

The plaintiff has alleged in his complaint and amended complaint that the decision to place him in segregation was purposeless and intended as punishment. Thus, at this point, it cannot be said that plaintiff's lengthy confinement in segregation without a hearing was related to a legitimate governmental purpose. Accordingly, plaintiff's claims against defendants Regan and Nugent should remain pending until it can be determined whether plaintiff's placement in segregation, including the restrictions placed upon him therein, was reasonably related to a legitimate governmental objective.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint against Gerald Pittman, Officers Picate and Liz, and Wardens Miller and Tate be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff's claim for the denial of access to court be **DISMISSED WITH PREJUDICE** frivolous and for failing to state a claim upon which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff's claims for civil rights violations against defendants Scot Nugent and Assistant U.S. Attorney Larry Regan remain pending and be served in accordance with the court's orders.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, June 19, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE